<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4454**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHRISTOPHER RAESEAN JOHNSON, a/k/a C-Murder,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:05-cr-00209-FL)

_____

Submitted:  September 30, 2008     Decided:  October 21, 2008

_____

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Raesean Johnson appeals his convictions and 292-month sentence after he pled guilty to possession with intent to distribute more than five grams of crack cocaine (Count 1), in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime (Count 2), in violation of 18 U.S.C.A. § 924(c)(1) (West 2000 & Supp. 2008). Johnson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by denying Johnson's motion to withdraw his guilty plea and whether the sentence is reasonable. Johnson has filed a pro se supplemental brief.[*] Finding no reversible error, we affirm.

Counsel first challenges the district court's denial of Johnson's motion to withdraw his guilty plea. Withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially

---

[*] We have reviewed the claims raised in Johnson's supplemental informal brief and find them to be without merit.

2

challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, "raise[s] a strong presumption that the plea is final and binding." Id. at 1394.

Here, the district court applied the factors courts must consider in determining whether to permit withdrawal of a guilty plea. See Ubakanma, 215 F.3d at 424. Our review of the record convinces us that the district court did not abuse its discretion in denying Johnson's motion to withdraw. See United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (stating standard of review). We therefore affirm Johnson's convictions.

Counsel also questions whether Johnson's 292-month career offender sentence is reasonable. This court reviews the sentence imposed by the district court for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). If the appellate court concludes that the sentence is "procedurally sound," the court then considers the substantive reasonableness of the sentence. Id. This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within—Guidelines sentence).

In light of Gall, we find that Johnson's sentence is reasonable. First, the district court committed no procedural error, appropriately treating the Guidelines as advisory and considering the Guidelines range and the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) before imposing a 292-month prison term, a sentence at the bottom of the guidelines range. Applying the presumption of reasonableness and finding that Johnson has failed to rebut the presumption on appeal, we conclude that his 292-month sentence is reasonable. See Go, 517 F.3d at 218; see also Rita, 127 S. Ct. at 2462-69.

In accordance with Anders, we have reviewed the record for any meritorious issues for appeal and have found none. Thus, we affirm the district court's judgment and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4